Case 1:22-cv-00098-JMB-PJG   ECF No. 17-2, PageID.415   Filed 05/17/22   Page 1 of 4

Scarcello v. Tenneco Automotive Operating Company, Inc., Slip Copy (2021)
2021 WL 3473229, 2021 Employee Benefits Cas. 297,296

2021 WL 3473229
United States District Court, E.D. Michigan, Southern Division.

Paul SCARCELLO, Plaintiff,
v.
TENNECO AUTOMOTIVE OPERATING COMPANY, INC. et al., Defendants.

Case No. 20-cv-11850
|
Signed 08/06/2021

**Attorneys and Law Firms**

Michael L. Pitt, Kevin M. Carlson, Pitt McGehee Palmer & Rivers PC, Royal Oak, MI, for Plaintiff.

Elaine Liu, Richard Nowak, Mayer Brown LLP, Chicago, IL, Michael G. Brady, Warner Norcross & Judd LLP, Detroit, MI, for Defendant Tenneco Automotive Operating Company Inc.

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [15]**

Arthur J. Tarnow, Senior United States District Judge

*1 On July 8, 2020, Plaintiff Paul Scarcello filed this ERISA action against his former employer and ERISA plan administrator, Defendants Tenneco Automotive Operating Company Inc. and Administrative Committee of the Tenneco Automotive Operating Company Inc. Severance Benefit Plan. Plaintiff claims that he was misclassified as a Non-Section 16 Officer and subsequently denied the severance benefits of a Section-16 Officer when he was terminated in March of 2020. Plaintiff's Amended Complaint [9] alleges: (Count I) violation of the Interference Provision of Section § 510 of ERISA, 29 U.S.C. § 1140, (Count II) Breach of Fiduciary Duty under ERISA § 404(A), (Count III) Breach of Contract, and (Count IV) Wrongful Denial of benefits in violation of ERISA § 502(a)(1)(B).

On January 27, 2021, Defendants filed a Motion to Dismiss [15], seeking to dismiss Counts I, II, and III as well as Defendant Administrative Committee of the Tenneco Automotive Operating Company Inc. Severance Benefit Plan. Plaintiff filed a Response [20] on March 3, 2021, in which he conceded that Count II and Defendant Administrative Committee should be dismissed. (ECF No. 20, PageID.187). Defendant filed a Reply [23] on March 26, 2021. On July 15, 2021, the Court held a hearing on the Motion [15]. For the reasons stated below, the Court **GRANTS** the Motion [15] in regard to Count II and Defendant Administrative Committee, **DENIES** the Motion [15] in regard to Count I, and **GRANTS** the Motion [15] in regard to Count III.

**FACTUAL BACKGROUND**

Plaintiff Paul Scarcello was hired as the Vice President of Global Tax by Defendant Tenneco Automotive Operating Company, Inc. on April 30, 2019. (Am. Compl. ¶ 13). Plaintiff claims that his job duties made him eligible for classification as an Officer under Section 16 of the Exchange Act. (*Id.* ¶¶ 14, 22). This designation would have entitled Plaintiff to Group 1 severance benefits if terminated. (*Id.*). These benefits included "[t]he sum of (a) one times the sum of Base Salary plus Target Bonus, determined as of the Termination Date (the "cash severance benefit") plus (b) the Medical Subsidy Payment[.]" (*Id.* ¶ 18). In May 2019, Plaintiff claims that he was "re-classified" as a Non-Section 16 officer, which made him ineligible to receive Group 1 benefits. (*Id.* ¶ 23). On March 11, 2020, the company fired Plaintiff and subsequently denied his claim for Group 1 benefits. (*Id.* ¶ 26); (ECF No. 15-3); (ECF No. 15-4). After appealing this decision and claiming that he was wrongfully classified as a Non-Section 16 Officer and denied benefits, Plaintiff filed this case. (*Id.* ¶ 27-28); (ECF No. 15-5); (ECF No. 15-6). Plaintiff claims that Defendants misclassified him "with the specific intent to interfere with his attainment of severance benefits, as demonstrated by the fact that the change of classification was accompanied by no significant changes to [his] policymaking duties and responsibilities, or to his reporting relationships within the company." (Am. Compl. ¶ 24). He claims that he is entitled to $441,000 in benefits. (ECF No. 15-3; PageID.123).

*2 Separately, Plaintiff claims that he signed a signing bonus with Defendant which stated that he would receive $200,000 in two installments. (Am. Compl. ¶ 29); (ECF No. 20-1). The first installment of $150,000 was paid after his first 90 days of employment. (Am. Compl. ¶ 58); (ECF No. 20-1). The second installment of $50,000 was due upon his first-year anniversary. (Am. Compl. ¶ 58, 58); (ECF No. 20-1). Plaintiff, however, was terminated before this anniversary occurred and claims that Defendants breached their contract by failing to pay this installment. (Am. Compl. ¶ 57-59).

Exhibit B, page 1 of 4

Case 1:22-cv-00098-JMB-PJG ECF No. 17-2, PageID.416 Filed 05/17/22 Page 2 of 4

Scarcello v. Tenneco Automotive Operating Company, Inc., Slip Copy (2021)
2021 WL 3473229, 2021 Employee Benefits Cas. 297,296

## LEGAL STANDARD

Defendants move to dismiss for Plaintiff's failure to state his claims pursuant to Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, [plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a Rule 12(b)(6) motion to dismiss, the Court must "assume the veracity of [the plaintiff's] well-pleaded factual allegations and determine whether the plaintiff is entitled to legal relief as a matter of law." *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Defendants also move to dismiss Count III for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). "Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Mich. S. R.R. Co. v. Branch & St. Joseph Cntys. Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). A Rule 12(b)(1) challenge to subject matter jurisdiction takes the form of either a facial or factual attack. *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Defendants here makes a facial attack, which questions the sufficiency of the pleadings. *Id.* Accordingly, the Court takes Plaintiff's factual allegations as true. *Id.*

## ANALYSIS

### I. Count I: ERISA § 510

#### a. Exhaustion

Defendants first argue that Plaintiff has failed to exhaust his administrative remedies regarding his ERISA § 510 claim. Plaintiff, on the other hand, argues that the statute does not require exhaustion before seeking judicial review. While ERISA contains no statutory requirement for exhaustion of administrative remedies, the Sixth Circuit has held that even in cases involving § 510 claims "[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 504 (6th Cir. 2004) (quoting *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991)); see *Ravencraft v. UNUM Life Ins. Co. of Am.*, 212 F.3d 341, 343 (6th Cir. 2000) ("This is the law in most circuits despite the fact that ERISA does not explicitly command exhaustion."); see also *Anderson v. Young Touchstone Co.*, 735 F. Supp. 2d 831, 835 (W.D. Tenn. 2010) ("The exhaustion requirement is not explicitly mentioned in the ERISA statute, but has been created by case law.").

However, "[t]here is a general exception to the exhaustion requirement 'when the remedy obtainable through administrative remedies would be inadequate or the denial of the beneficiary's claim is so certain as to make exhaustion futile.'" *Shields v. UnumProvident Corp.*, 415 F. App'x 686, 689 (quoting *Hill v. Blue Cross and Blue Shield of Michigan*, 409 F.3d 710, 718-19 (6th Cir. 2005)). To avoid the exhaustion requirement, a plaintiff must make a "clear and positive indication" of futility. *Shields*, 409 F.3d at 689 (quoting *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 419 (6th Cir. 1998)). Plaintiff fails to make such a showing.

*3 Instead, he claims that he did exhaust his remedies. Defendants contests this by citing Plaintiff's failure to explicitly mention § 510 in his appeal. However, Defendant points to no authority that such a requirement must be met to satisfy exhaustion. Courts instead decide exhaustion based simply on whether Plaintiff appealed the denial of their benefits. *See Coomer*, 370 F.3d at 505 (finding failure to exhaust a § 510 claim when Plaintiff did not "request[ ] a lump sum disbursement in excess of $5,000 from the Plan prior to filing this action."). Further, there is no mention in the administrative record of Plaintiff explicitly invoking his § 502 claim either, and yet Defendants do not claim a lack of exhaustion for this claim. (ECF No. 15-3); (ECF No. 15-5). In his appeal, Plaintiff claimed that he was misclassified as a non-Section 16 officer and wrongfully denied severance benefits as a result. (ECF No. 15-3). The administrative record shows a clear back and forth discussion regarding which officer designation was appropriate for Plaintiff. (*Id.*); (ECF No. 15-4); (ECF No. 15-5); (ECF No. 15-6). This record satisfies the purpose for exhaustion. *See Coomer*, 370 F.3d at 504 (quoting *Ravencraft v. UNUM Life Ins. Co. of Am.*, 212 F.3d 341, 343 (6th Cir. 2000) ("The exhaustion requirement 'enables plan fiduciaries to efficiently manage

Case 1:22-cv-00098-JMB-PJG  ECF No. 17-2, PageID.417  Filed 05/17/22  Page 3 of 4

**Scarcello v. Tenneco Automotive Operating Company, Inc., Slip Copy (2021)**
2021 WL 3473229, 2021 Employee Benefits Cas. 297,296

their funds; correct their errors; interpret plan provisions; and assemble a factual record which will assist a court in reviewing the fiduciaries' actions.' ")). He has therefore exhausted his administrative remedies.

### b. 12 (b) (6)

In the alternative, Defendants argue that Plaintiff's § 510 claim should be dismissed for failing to state a claim upon which relief can be granted under FRCP 12(b)(6). "To state a claim under § 510, the plaintiff must show that an employer had a specific intent to violate ERISA," by showing that he was a "(1) participants, (2) discharged by their employer (3) for the purpose of interfering with their rightful benefits." *Walsh v. United Parcel Serv.*, 201 F.3d 718, 728 (6th Cir. 2000); *Maczko v. Ford Motor Co.,* No. 08-13819, 2010 WL 5211451, at *5 (E.D. Mich. Dec. 16, 2010). In the absence of direct evidence of specific intent, Plaintiff can allege "(1) prohibited employer conduct (2) taken for the purpose of interfering (3) with the attainment of any right to which the employee may become entitled." *Walsh*, 201 F.3d at 728. Defendants claim that, first, Plaintiff has not asserted this claim against the correct entity, and second, Plaintiff failed to properly allege specific intent to interfere with his benefits.

First, Defendants claim that the officer designation was made by a separate entity who is not currently a defendant, the Board of Directors of Tenneco Inc. On its own, this argument may have been fatal to Plaintiff's claim, however, Defendants also state that they would not oppose a motion for leave to file a second amended complaint adding Tenneco, Inc. as a defendant. (ECF No. 20, PageID.188). The Court agrees with this remedy and orders Plaintiff to do so.

Second, Defendants claim that Plaintiff has not made a plausible allegation of specific intent to interfere. Plaintiff, however, retorts that Defendants read *Twombly* and *Iqbal* too narrowly, because they do not require allegations of facts that may only be acquired during discovery. The Court agrees. Under his § 510 claim, Plaintiff sufficiently alleges the following: (1) "the company intentionally misclassified Scarcello as a Non-Section 16 Officer with the specific intent to interfere with his ability to receive identifiable Group 1 benefits under the Plan," (2) "The company's intention to interfere with Scarcello's ability to receive Group 1 benefits was a determining factor in its decision to misclassify Scarcello as a Non-Section 16 Officer." and (3) specific intent was "demonstrated by the fact that the change of classification was accompanied by no significant changes to Scarcello's policymaking duties and responsibilities." (Am. Compl. ¶¶ 24, 39, 40). Save for finding specific allegations that can only be found in discovery, these allegations sufficiently and plausibly allege a § 510 violation.

Another court in our district came to the same conclusion when the plaintiffs simply alleged that they were misclassified as a "rehires" when they "transferred", which "caused them to lose several months of severance pay." *Maczko v. Ford Motor Co.*, No. 08-13819, 2010 WL 5211451, at *5 (E.D. Mich. Dec. 16, 2010). From these facts, the court held that the plaintiffs "demonstrate[d] a short and plain statement of the claim showing the pleader is entitled to relief, as required by Federal Rules of Civil Procedure 8(a)(2)." *Id.* This Court holds the same.

### II. Count III: Breach of Contract

**\*4** Lastly, Defendants claim that Count III of Plaintiff's Complaint, which alleges Defendants breached the parties' contract by failing to pay his signing bonus in full, should be dismissed for lack of supplemental jurisdiction. Supplemental jurisdiction is appropriate when a claim is "so related to [the other] claims in the action with such original jurisdiction that they form part of the same case or controversy ..." 28 U.S.C. § 1367(a) (2006). In other words, the claims derive from a "common nucleus of operative facts." *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 454-55 (6th Cir. 1996).

The Court holds that it lacks supplemental jurisdiction over the breach of contract claim. The only common fact between this claim and the others is that they concern Plaintiff's employment and his compensation. Other than this, their factual parameters derive from separate contracts with separate terms, and the signing bonus has no bearing on Plaintiff's ERISA claims and vice versa. Furthermore, courts caution against "substantially expand[ing] the scope of this case beyond that necessary and relevant to the federal claims under ERISA." *Frankel v. Detroit Med. Ctr.*, 409 F. Supp. 2d 833, 835 (E.D. Mich. 2005) (citing 28 U.S.C. § 1367(c)(2)). Therefore, Plaintiff's Breach of Contract claim is dismissed for lack of supplemental jurisdiction.

Exhibit B, page 3 of 4

WESTLAW  © 2022 Thomson Reuters. No claim to original U.S. Government Works.  3

Case 1:22-cv-00098-JMB-PJG ECF No. 17-2, PageID.418 Filed 05/17/22 Page 4 of 4

**Scarcello v. Tenneco Automotive Operating Company, Inc., Slip Copy (2021)**
2021 WL 3473229, 2021 Employee Benefits Cas. 297,296

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Motion [15] in regard to Count II, Count III, and Defendant Administrative Committee and **DENIES** the Motion [15] in regard to Count I. This order has the effect of dismissing Defendant Administrative Committee of the Tenneco Automotive Operating Company Inc. Severance Benefit Plan as well as Counts II and III. Counts I and II remain live. Plaintiff may file a motion for leave to file a second amended complaint in order to add the Board of Directors of Tenneco Inc. as a defendant.

**IT IS ORDERED** that Defendants' Motion to Dismiss [15] is **DENIED in part** and **GRANTED in part**.

**IT IS FURTHER ORDERED** that Defendant Administrative Committee of the Tenneco Automotive Operating Company Inc. Severance Benefit Plan is **DISMISSED**.

**SO ORDERED**.

**All Citations**

Slip Copy, 2021 WL 3473229, 2021 Employee Benefits Cas. 297,296

---

**End of Document** © 2022 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW © 2022 Thomson Reuters. No claim to original U.S. Government Works. 4